RUSH, J,,
concurring in result.
I concur fully with the majority, except as to its analysis of the Quantity of wsitation awarded—and even' on that issue, I *1002 concur in result. In K.I., and again in M.L.B., we cautioned that the amount of grandparent visitation must be carefully limited so as not to impede parents’ fundamental constitutional right to direct their children’s upbringing. In my view, the majority’s reliance on our usual “deference to trial judges in family law matters” insufficiently protects the parent’s constitutional rights and risks allowing excessive awards to escape meaningful appellate review. But even under the closer scrutiny I would apply, the trial court’s award of 24 overnights per year, plus short visits weekly and for a few special occasions, does not unduly infringe on Father’s parental rights under these circumstances.
The majority rightly recognizes our pri- or admonitions that “[t]he Grandparent Visitation Act contemplates ‘only occasional, temporary visitation’ ” and that grandparents’ statutory right to seek visitation must remain secondary to natural parents’ “fundamental constitutional right to direct their children’s upbringing without undue governmental interference.” Op. at 998 (quoting K.I., 903 N.E.2d at 462 and M.L.B., 983 N.E.2d at 586). I also agree in principle that once the trial court has made the required findings under the Act, its determination of how much visitation is appropriate will depend on each family’s unique circumstances. Finally, I agree that under these circumstances, the amount awarded is not excessive. See generally op. at 1000-01.
My disagreement is only with the majority’s reluctance to craft “strict standards on the amount of permissible visitation.” Op. at 1001. In my view, K.I. and M.L.B. have already imposed a very strict standard indeed—though not one that can be quantified as a bright-line number of days or hours—in order to protect the natural parents’ constitutional rights as Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), demands. Under that standard, similarity to the Parenting Time Guidelines becomes problematic not when a grandparent’s visitation coincides with too many school vacations or family birthdays as the majority suggests, see op. at 997 n. 6, but when the overall quantity becomes excessive—too closely mirroring the amount of time that would ordinarily be reserved for a natural non-custodial parent. The quantity awarded in any particular case is, of course, a discretionary judgment—but the constitutional protections in K.I. and M.L.B. limit that discretion considerably. Accordingly, I find it unhelpful to frame this issue as involving our usual “substantial deference to the trial court’s determination of family law matters.” Op. at 998.
Nevertheless, under these circumstances, the quantity of visitation awarded was well within the constitutional limits articulated in K.I. and reiterated in M.L.B. In grandparent visitation cases, “the parties’ earlier pattern ... suggests an amount of visitation that might be awarded without unduly interfering” with parental rights. M.L.B., 983 N.E.2d at 587. And here, with Father’s consent (or at least acquiescence), the grandparents had an extensive, almost parental role with L-A before and during Mother’s illness and after her death. In light of that unusually extensive quantity of visitation, and its quasi-parental character, the trial court’s total award—24 overnights per year and visits of a few hours roughly once per week—is entirely proportionate. (Even in absolute terms, it is significantly less than the 34 overnights per year held excessive in M.L.B., 983 N.E.2d at 587 (citing Troxel, 530 U.S. at 71, 120 S.Ct. 2054)—and a far ery from the 73 overnights per year overturned in Swartz.) Though any court-ordered grandparent visits, even the shorter daytime ones, necessarily impinge on parental rights by intruding into the house *1003 hold schedule, the shorter visits are necessarily a lesser intrusion. And finally, as the majority rightly observes, the trial court thoughtfully set the overnight visits to fall on Father’s on-call weekends, thus minimizing intrusion on his own time with L-A. It is apparent that the trial court was attentive to Father’s rights in crafting the visitation award, both in its quantity and its schedule.
In my view, then, the analysis here is straightforward. A trial court’s first task in grandparent visitation cases is applying the four “McCune factors”—that is, (1) to presume that as a fit parent, Father’s decisions were in L-A’s best interests, (2) to therefore give his visitation decisions “special weight,” and (3) to give “some weight” to whether Father had agreed to some visitation or denied it entirely; all as part of its ultimate , determination of (4) whether court-ordered visitation was in L-A’s best interests. 983 N.E.2d at 586. On those questions, I agree the factfinder does indeed have broad discretion because (subject to the presumptions and heightened standard of proof the first three factors entail, see id.) they are ultimately judgments of evidentiary weight and witness credibility. E.g., In re Adoption of O.R., 16 N.E.3d 965, 973 (Ind.2014) (“[W]e recognize that the trial judge is in the best position to ... determine witness credibility, get a feel for the family dynamics, and get a sense of the parents and their relationship with their children.”). And here, though the evidence was disputed, the trial court’s ultimate finding that Father would deny and not merely limit visitation, contrary to L-A’s best interests, was well within its discretion.
But then, KI.’s “occasional, temporary” standard gives trial courts far narrower discretion over the amount of grandparent visitation than over the threshold MeCune findings. Still, not only is the amount of visitation awarded here far short of what we’ve previously found excessive under the K.I. standard, it is further justified by “the parties’ earlier pattern” established by the unusually frequent visitation Father permitted before this dispute arose. M.L.B., 983 N.E.2d at 587. Moreover, the award is tailored to minimize the longer visits’ intrusion into Father’s time with L-Á. In my view, no further analysis is necessary to affirm the quantity of visitation awarded in this case—and any further inquiry just adds needless complexity, understates the importance of KI.’s limitations, and raises confusion about the extent of trial courts’ discretion. But because the majority’s analysis reaches the same outcome, I respectfully concur in result. i
RUCKER, J., joins.